No. 17,462.

NARANJO *v.* THE PEOPLE.
(274 P. [2d] 607)

Decided September 27, 1954.   Rehearing denied October 18, 1954.

Mr. ANGELO F. MOSCO, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, for the People.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error was charged by information filed in the county court of Huerfano county, Colorado with violations of chapter 73, '35 C.S.A., as amended. The information was in two counts, the first charging him with unlawfully killing and having in his possession deer during the closed season, and the second count alleged that defendant did hunt wild game, to wit deer, without having a proper and valid license therefor.

The defendant having entered a plea of not guilty was, after trial in the county court adjudged guilty, and sentence was imposed. Defendant then sought an appeal to the district court of Huerfano county and posted an appeal bond in the sum of five hundred dollars. After the case was docketed in the district court, the district attorney moved to dismiss the appeal, contending that under section 176, chapter 46, '35 C.S.A., defendant's remedy, if any he had, was by writ of error to this Court rather than by appeal to the district court, and that the district court was without jurisdiction to hear and determine the appeal.

The information filed against defendant charged him with misdemeanors. The action was not a civil suit, hence not governed by section 165, chapter 46, '35 C.S.A. Being a criminal case any appeal from the judgment pronounced comes squarely under section 176, chapter 46, '35 C.S.A., which reads: "No appeal shall be taken from any judgment or decision of any county court, in any case prosecuted therein under the provisions of sections 170 to 176 of this chapter, to any district court; but writs of error shall be from the supreme court to all such final judgments, and shall be prosecuted and disposed of in the same manner as writs of error to final judgments of the district court in criminal cases."

This being so, the district court was correct in dismissing the appeal. We find nothing in chapter 73, '35 C.S.A. which makes an exception in favor of a defendant prosecuted for violation of its provisions changing the general rule provided by section 176, chapter 46, '35 C.S.A.

The judgment is affirmed.